25 CV 651

## PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

| United States District Court | District Western District of New York | |
|---|---|---|
| Name Dontavia McMorris | Prisoner No. ICN# 159580 | Case No. |
| Place of Confinement Erie County Correctional Facility | | |
| Name of Petitioner (include name under which convicted) Dontavia McMorris | Name of Respondent (authorized person having custody of petitioner) V. John Garcia Sheriff of ECCF | |
| The Attorney General of the State of: | | |

## PETITION

1. Name and location of court which entered the judgment of conviction under attack **County Court of Erie 25 Delaware Avenue Bflo, NY 14202**

2. Date of judgment of conviction **The cause on pretense of confinement is defective indictment dated October 18, 2024**

3. Length of sentence **indefinite to life**

4. Nature of offense involved (all counts) **Kidnapping in the first degree PL 135.25 (1), 20.00; Kidnapping in the second degree PL 135.20, 20.00; Assault in the first degree PL 120.10 (4), 20.00; Assault in the second degree PL 120.05 (2), 20.00; Robbery in the first Degree PL 160.50, 20.00; Robbery in the second degree PL 160.10 (1).**

5. What was your plea? (Check one)

   (a) Not guilty [X]

   (b) Guilty [✓]

   (c) Nolo contendere [ ]

   If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, give details:

   _____

   _____

6. If you pleaded not guilty, what kind of trial did you have? (Check one)

   (a) Jury [ ]

   (b) Judge only [ ]

7. Did you testify at the trial?

   Yes [ ]  No [ ]

8. Did you appeal from the judgment of conviction?

   Yes [ ]  No [ ]

UNITED STATES DISTRICT COURT
FILED
JUL 21 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

9.   If your answer to 8. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following:

(a)  Name of court (e.g., NYS Sup. Court, 4th Dept.) _____

(b)  Result _____

(c)  Date of result and citation, if known _____

(d)  List <u>all</u> grounds you raised (1) _____

_____

(2) _____

_____

(3) _____

_____

(4) _____

_____

10.  Did you seek further review of the appeals court decision by a higher state court (e.g., the NYS Court of Appeals)?

Yes [ ]   No [ ]

11.  If your answer to 10. was "yes," <u>attach a copy of the higher state court decision to this petition</u> and answer the following:

(a)  Name of court _____

(b)  Result _____

_____

(c)  Date of result and citation, if known _____

(d)  List <u>all</u> grounds you raised (1) _____

(2) _____

(3) _____

(4) _____

12.  Did you file a petition for certiorari in the United States Supreme Court?

Yes [ ]   No [ ]

13.  If your answer to 12. was "yes," <u>attach a copy of the United States Supreme Court decision to this petition</u> and please answer the following with respect to each direct appeal you asked the United States Supreme Court to review:

(a) Result _____

_____

(b) Date of result and citation, if known _____

(c) List all grounds you raised (1) _____

_____

(2) _____

(3) _____

(4) _____

14.   Other than a direct appeal from the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions (e.g. a petition under NY CPL § 440, a state habeas petition, or a previous petition under 28 U.S.C. 2254) with respect to this judgment in any court, state or federal?

Yes [✓]    No [ ]

15.   If your answer to 14. was "yes," attach a copy of that court's decision to this petition and give the following information:

(a) Name of court   Supreme Court of the State of New York, County of Erie

(b) Nature of proceeding   Petition for a State Writ of Habeas Corpus

(c) Date Filed _____

(d) List all grounds you raised (1)   Petitioner / defendant, is entitled to release, pursuant to the 5th Amend and NYS Statue CPL 180.80

(2) _____

(3) _____

(4) _____

(e) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes [ ]    No [✓]

(f) Result     N/A

(g) Date of result     May 15th, 2025

16.  If your answer to 14. was "yes" and you also filed a <u>second</u> petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information:

(a) Name of court     Supreme Court of the State of N.Y., County of Erie

(b) Nature of proceeding     Second Petition for a State Writ of Habeas Corpus

(c) Date Filed     April 3rd, 2025

(d) List <u>all</u> grounds you raised (1)     Detention is unlawful

(2)     State Court Judge is bias and prejudice

(3)     State Court Judge is proceeding without subject matter jurisdiction

(4)

(e) Did you receive an evidentiary hearing on your petition, application, or motion?

Yes ☐     No ☑

(f) Result     N/A

(g) Date of result     MAY 15th, 2025

As to any third, fourth, etc. petition, application, or motion, <u>attach a copy of that court's decision to this petition</u> and give the same information asked for under 15. and 16.

17.  If your answer to 14. was "yes" and if the court did not grant the petition(s), application(s), or motion(s) you listed under 15. and 16., did you appeal to an intermediate court of appeals (e.g., the New York State Court of Appeals or the Second Circuit Court of Appeals)?

Yes ☐     No ☑

18.  If your answer to 17. was "yes," <u>attach a copy of the appeals court decision to this petition</u> and answer the following regarding <u>each</u> petition, application, or motion:

(a) Name of court     N/A

(b) Date Filed

(c) Result

(d) Date of result and citation, if known

(e) List <u>all</u> grounds you raised (1) _____

(2) _____

(3) _____

(4) _____

19. Did you appeal to the highest state court (e.g., the NYS Court of Appeals) or the United States Supreme Court for review of decisions regarding the petition(s), application(s), or motion(s) you listed in 15. and 16.?

(a) First petition    Yes ☐    No ☑

(b) Second petition    Yes ☐    No ☑

(c) Third petition    Yes ☐    No ☐

[List any other petition and indicate yes or no.]

20. For <u>each</u> "yes" answer in 19., <u>attach a copy of that court's decision to this petition</u> and give the following information:

(a) Name of court ___ N/A _____

(b) Date filed _____

(c) Result _____

(d) Date of result and citation, if known _____

(e) List <u>all</u> grounds you raised (1) _____

(2) _____

(3) _____

(4) _____

21. If you did *not* appeal from the adverse action on any petition, application, or motion, explain briefly why you did not:

(1) Any Appeal would not be time efficient for Justice.

(2) The State Habeas Corpus Process in this case is unconstitional.

22.    State *concisely* every ground on which you claim that you are being held unlawfully.  Summarize briefly the *facts* supporting each ground.  If necessary, you may attach pages stating additional grounds and *facts* supporting same.

      CAUTION: In order to proceed in federal court, you must ordinarily first exhaust your available state court remedies as to each ground on which you request action by the federal court.  *See* 28 U.S.C. §2254(b).  If you fail to set forth all grounds in this petition, you may be barred from presenting additional grounds at a later date.  *See* 28 U.S.C. §2244(b).

      For your information, the following is a list of the most frequently raised grounds for relief in habeas corpus proceedings.  Each statement preceded by a letter constitutes a separate ground for possible relief.  You may raise any grounds which you may have other than those listed if you have exhausted your state court remedies with respect to them.  However, *you should raise in this petition all available grounds* (relating to this conviction) on which you base your allegations that you are being held in custody unlawfully.

      Do not check any of these listed grounds.  If you select one or more of these grounds for relief, you must allege facts.  The petition will be returned to you if you merely check (a) through (j) or any one of these grounds.

(a)    Conviction obtained by plea of guilty which was unlawfully induced or not made voluntarily with understanding of the nature of the charge and the consequences of the plea.
(b)    Conviction obtained by use of coerced confession.
(c)    Conviction obtained by use of evidence gained pursuant to an unconstitutional search and seizure.
(d)    Conviction obtained by use of evidence obtained pursuant to an unlawful arrest.
(e)    Conviction obtained by a violation of the privilege against self-incrimination.
(f)    Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
(g)    Conviction obtained by a violation of the protection against double jeopardy.
(h)    Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
(i)    Denial of effective assistance of counsel.
(j)    Denial of right of appeal.

A.    Ground one: Denial of Petitioner's statutory right to be released from state custody pursuant to JCPC 180.80

Supporting FACTS (state briefly without citing cases or law): Petitioner was unlawfully detained and held to answer for an infamous crime without a lawful indictment on October 15th, 2024. After petitioner qualified for release from custody after the passing of more than 144 hours pursuant to NYS CPL §180.80.

- 7 -

B. Ground two: Denial of 5th Amendment Right to Due Process,
Petitioner/defendant right to due process in State Court was violated

Supporting FACTS (state briefly without citing cases or law): (1) Petitioner/defendant
right to due process in State Court was violated by
Prosecutorial Misconduct where the prosecution failed to
give petitioner/defendant any notice of any grand jury
proceedings, (2) The petitioner/defendant's 5th Amend. Right was
violated by Judicial Misconduct when County Court Judge while
acting with bias and prejudice committed perjury in his own Court to
aid the prosecution and to Manufacture subject matter jurisdiction.

C. Ground three: Denial of Petitioner/defendants statutory right
to have the unlawful indictment dismissed pursuant to NYS
CPL § 210.45.
Supporting FACTS (state briefly without citing cases or law): Petitioner was entitled
to have the unlawful indictment dismissed when at her
Motion to dismiss hearing the prosecution failed to prove that
notice was ever given to petitioner prior to indictment,

D. Ground four: Denial of effective assistance of Counsel

Supporting FACTS (state briefly without citing cases or law): Petitioner filed a motion
to remove counsel in criminal proceedings in State Court
because petitioner's lawyer refused to honor petitioner's
wishes and desires to present legal defenses on the
petitioner's behalf, In addition, the lawyer acted in a
way that would unlawfully waive the petitioner's 5th Amend.
right to due process,

23. If you did not previously present any of the grounds listed in 22A, 22B, 22C, and 22D in any other court, state or federal, state briefly what grounds you did not present and give your reasons for not presenting them:

N/A

24. Do you have any petition or appeal now pending in any court, either state or federal, as to the judgment under attack?

Yes ☐     No ☑

(a) Name of court _____

(b) Nature of proceeding _____

(c) Date filed _____

(d) List all grounds you raised (1) _____

_____

(2) _____

_____

(3) _____

_____

(4) _____

_____

25. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you challenge in this petition:

(a) At preliminary hearing _Michael CHarles Cimas_

(b) At arraignment and plea _Michael Charles Cimas_

(c) At trial _____

(d) At sentencing _____

(e) On appeal _____

(f) In any post-conviction proceeding _____

(g) On appeal from any adverse ruling in a post-conviction proceeding _____

26. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?

Yes ☐     No ☑

27. Do you have any future sentence to serve after you complete the sentence imposed by the judgment under attack?

Yes ☐    No ☑

(a) If so, give name and location of court which imposed sentence to be served in the future: _____

(b) Give date and length of the above sentence: _____

(c) Have you filed, or do you contemplate filing, any petition attacking the judgment which imposed the sentence to be served in the future?

Yes ☐    No ☐

Wherefore, petitioner prays that the Court grant petitioner relief to which he may be entitled in this proceeding.

_____
Signature of Attorney (if any)

I declare under penalty of perjury that the foregoing is true and correct. Executed on

7-10-2025
(Date)

ICN # 159580

Dontanner M Morris
Signature of Petitioner

Erie County Correctional Facility
11581 Walden Avenue
Alden, New York 14004

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF __ERIE_____
-----------------------------------------------------------
In the Matter of the Application of

__Dontavia McMorris_____,
(Insert your name)           ~~Plaintiff~~/Petitioner

For Permission to Prosecute as a Poor
Person a Matter against

__John Garcia, Sheriff of__
__the Erie County Correctional Facility__
                           Defendant(s)/Respondent(s)
-----------------------------------------------------------

AFFIDAVIT IN SUPPORT
APPLICATION TO PROCEED
AS A POOR PERSON

Index No. __I 2025600249__

STATE OF NEW YORK
COUNTY OF __Erie_____ ss:
            (County where notarized)

__Dontavia McMorris__, being duly sworn, says:
(Insert your name)

      1.   I am the __Petitioner_____. I reside at
                              (Insert one - ~~plaintiff~~ / petitioner / ~~defendant~~ / respondent)

__inmate # ICN 159580 (ECCF)_____ in the County of __Erie__
           (Insert street address, city/town/village, state and zip code)            (Insert name of county)

and State of New York.

      2.   I am about to __commence_____ a __Special Proceeding__ for:
                        (Insert commence ~~or defend~~)         (Insert ~~lawsuit or~~ special proceeding)

(Briefly describe the nature of the relief sought)

__a writ of habeas corpus_____.
_____.

This lawsuit is based upon: __The deprivation of Petitioner's__
                    (Describe briefly the factual basis for the ~~lawsuit~~/special proceeding about to be **commenced**/~~defended~~)

__substantial due process rights under the 5th and 14th__
__Amendments to the U.S. Constitution.__
_____
_____



RECEIVED
APR 0 3 2025
ERIE COUNTY
DEPARTMENT OF LAW

_____

_____

(If any prior request has been made, provide a description of where, when and by whom the request was made, the result, and if
the application was unsuccessful, why you believe you are entitled to apply again.)

       WHEREFORE, I respectfully ask for an order permitting me to prosecute
/defend this action/special proceeding as a poor person.

_____
(Sign your name in the presence of a Notary Public)

_____
(Print your name)

Sworn to before me this

17th day March of, 20 25

_____
Notary Public

RONALD DOLYK
COMMISSIONER OF DEEDS
In and For the City of Buffalo, Erie County, NY
My Commission Expires Dec 31 20 26

3

PRESENT HON, _____

                                            Judge of the Supreme Court


Supreme court of the state of New York

County of Erie

_____

In the matter of a Proceeding Under Article 70 of the CPLR

For a Writ of Habeas Corpus, for DONTAVIA MCMORRIS,                    PITTION for a WRIT

                                    PETITIONER                    HABEAS CORPUS

                    -against-                                                        Index No.

Sheriff of the Erie County Correctional Facility they need

JOHN GARCIA

                             RESPONDENT

_____

TO THE SUPREME COURT, ERIE COUNTY


1 Petitioner is Defendant, DONTAVIA MCMORRIS ICN # 159580 (hereinafter referred to as "petitioner"), the person for who this petition is made.

2 That the petitioner is unlawfully detained of her liberty by sheriff John Garcia of the Erie County Correctional Facility located at 11581 Walden Ave., Alden NY in lieu of $50,000 bail and in violation of her right to release pursuant to Cpl. 210.45, (4)(c) where the defendant's moving papers established, as a matter of law, that the county court must dismiss the grand jury indictment against the defendant as defective and order the immediate release of the defendant.

3 That the cause or pretense of the detention is the county court judge who gave false and perjured testimony in his own court, prejudicially in favor of the prosecution for the purpose of obstruction of justice in the manufacturing of false subject matter jurisdiction. (see ex. A)

4. That a court or judge of the United States does not have exclusive jurisdiction to order the petitioner's release.


Open

5. The nature of the illegal detention is a violation of the petitioner's 5th amendment due process clause with the petitioner being held to answer for an infamous crime upon the unlawful indictment returned by a defective grand jury proceeding.

6. That the consequence of the aforesaid, petitioner is unlawfully detained in violation of her right to due process of law as protected by the federal and state constitutions and the state statutes.

7. That no appeal has been taken from the order of detention.

8. That one previous application for a writ on different grounds has been made, (see ex. B)

WHERFORE, your petitioner respectfully request judgement ordering her immediate release from custody forthwith and any other further relief that the court deems just and proper

DONTAVIA MCMORRIS, ICN # 159580

"I DONTAVIA MCMORRIS, affirm under penalty of perjury that the foregoing petition for a writ of habeas corpus is true and accurate to the best of my knowledge and belief,

Sworn to 24th of march, 2025

Dated : Buffalo

RONALD DOLYK
COMMISSIONER OF DEEDS
'n and For the City of Buffalo, Erie County, NY
My Commission Expires Dec. 31, 2026

Open

STATE OF NEW YORK : COUNTY COURT
COUNTY OF ERIE : CRIMINAL TERM

_____

THE PEOPLE OF THE STATE OF NEW YORK,

                                    **FURTHER PROCEEDINGS**

                                    **IND-73556-24/001**
            -vs-                    **LEGACY # 02009-2024**
                                    **DOB:  11/20/02**


DONTAVIA McMORRIS,

                    Defendant.

_____

                                    25 Delaware Avenue
                                    Buffalo, NY 14202
                                    February 13, 2025

**B e f o r e:**

          **HONORABLE PAUL B. WOJTASZEK**
          Supreme Court Justice

**A p p e a r a n c e s:**

          **MICHAEL J. KEANE, ESQ.**
          Erie County District Attorney
          **BY: ALICIA M. LILLEY, ESQ.**
          Assistant District Attorney
          Appearing for the People

          **JAMES DeMATTEO, ESQ.**
          Appearing for the Defendant


**P r e s e n t:**

          **DONTAVIA McMORRIS**
          Defendant

1    (Proceedings commenced at 10:42 a.m.)

2    THE COURT:  Call your case.

3    MS. LILLEY:  Good morning, Your Honor.  Alicia

4    Lilley on behalf of the People.  The next matter before

5    the Court is People of The State of New York versus

6    Dontavia McMorris under Erie County Legacy Number 02009

7    of 2024 and Indictment Number 73556-24/001.  The

8    defendant is present this morning in custody with

9    counsel.  Mr. James DeMatteo is standing in for

10   Mr. Michael Cimasi.

11   THE COURT:  Mr. DeMatteo, good morning.

12   MR. DeMATTEO:  Good morning, Your Honor.

13   THE COURT:  We are here and you have agreed to

14   stand in for Mr. Cimasi who is unavailable today.  The

15   very limited background you have on this case is that

16   Ms. McMorris has filed a pro se motion for various forms

17   of relief.  When we were last here Monday, she asked for

18   a brief adjournment so she could review the responding

19   papers in opposition.  I believe that was a reasonable

20   request and I granted that.  We are here today for the

21   argument on those motions.

22   For the purposes of today, I have allowed

23   Ms. McMorris to argue the motion herself.  Mr. Cimasi

24   said that he reviewed it and adopted it in order to

25   facilitate her moving forward.  What I did not do and

1    have not done yet is conducted the search and inquiry to

2    make sure that she understands the importance of the

3    right to effective assistance of counsel and what she

4    would be giving up if she were to represent herself.

5    I'm going to save that for another day.

6         For today's purposes, Ms. McMorris, good morning.

7              THE DEFENDANT:  Good morning, Your Honor.

8              THE COURT:  Have you had enough time to review

9    the papers from Ms. Lilley that were filed last Monday?

10             THE DEFENDANT:  Yes.

11             THE COURT:  Are you prepared to proceed?

12             THE DEFENDANT:  Yes.

13             THE COURT:  Ms. Lilley, are you prepared to

14   proceed?

15             MS. LILLEY:  Yes, Your Honor.

16             THE COURT:  And again, Mr. DeMatteo is

17   standing in for the limited purposes of being your

18   attorney because Mr. Cimasi is not here.

19             THE DEFENDANT:  I understand.  May I read?

20             THE COURT:  Is there anything else you want to

21   say before I start?

22             THE DEFENDANT:  I'm ready to read.

23             THE COURT:  You may proceed.

24             THE DEFENDANT:  Good morning, Your Honor.  I

25   have intended to prepare a written response, but my

1   incarceration and time-limited has prevented me from

2   being able to do so.  However, the fact that the record

3   in this matter indicates that the People never provided

4   the defendant prior notice of the People's intention to

5   present the matter to the Grand Jury.

6       The People cite Dorsey and Miller in their answer

7   filed with the Court.  However, the People's reliance on

8   Dorsey and Miller is misplaced and that the record in

9   the instant case is void of any documentary proof that

10  would verify the People's thoughts, implication that

11  notice was given prior to indictment.

12      What the record does show is that the People

13  knowingly and with fraudulent intent provided the

14  defendant with a misleading notice dated October 18,

15  2024, which states that the defendant has been indicted

16  on October 18, 2024, and that the Office of Court

17  Administration would be assigning an official indictment

18  number.  See the People's letter dated October 18, 2024,

19  attached to the defendant's affidavit in support of

20  defendant motion to dismiss.

21      The purpose of the People's fraudulent

22  misrepresentation of the facts in that letter was

23  achieved in this matter and the defendant was

24  unconstitutionally indicted as a result.  Therefore, and

25  because the record on the matter indicates that no prior

1   notice was ever given by the People and that the People

2   employed fraud in obtaining the indictment that is

3   before the Court, the defendant's Fifth Amendment rights

4   were violated.

5        This Court, as a matter of law, in fact, must

6   dismiss the indictment in its entirety.  Thank you, Your

7   Honor.  I now rest.

8             THE COURT:  All right.  So you've read those

9   cases that you said they misplaced or they relied upon

10  erroneously, that was the Dorsey and Miller case?

11            THE DEFENDANT:  Yes.

12            THE COURT:  And at that time you were

13  represented by counsel, right?

14            THE DEFENDANT:  Yes.

15            THE COURT:  And there was -- I'm aware there

16  was a felony hearing that had already commenced.  And

17  then during the course of that hearing, the District

18  Attorney's Office took some different measures and they

19  presented the case to the Grand Jury.

20            THE DEFENDANT:  Yes.

21            THE COURT:  And it's upon that proceeding that

22  you believe that your Fifth Amendment rights were

23  violated and you are entitled to the dismissal of the

24  indictment --

25            THE DEFENDANT:  Yes, Your Honor.

1    THE COURT:  -- in its entirety.

2    THE DEFENDANT:  Yes.

3    THE COURT:  Ms. Lilley?

4    MS. LILLEY:  Your Honor, I only note -- I rest

5    on my papers.  But I would note that notice was provided

6    to the defendant that the People were proceeding to

7    Grand Jury both on the record on October 11th of 2024,

8    in Buffalo City Court, as well as immediately after that

9    proceeding in writing it was submitted to defense

10    counsel as well.

11    THE COURT:  Was that written notice made as

12    part of your response?

13    MS. LILLEY:  I don't believe I attached it;

14    however, I can provide it to the Court.

15    THE COURT:  You have it with you?

16    MS. LILLEY:  I do.  Your Honor, I have it

17    attached to another motion response.  I could get a

18    single copy for the Court.

19    THE COURT:  That's fine.  All right.  There is

20    a notice.  Again, Ms. Lilley, you filed this in response

21    to a co-defendant's motion?

22    MS. LILLEY:  That's correct, Your Honor.

23    THE COURT:  I'm familiar with the argument

24    because I have reviewed this exhibit before.  But, Ms.

25    McMorris, there is a correspondence between Mr. Brendan

1    Fitzgerald, who was co-counsel with Ms. Lilley when this

2    matter was initially prosecuted, and it's dated October

3    10th.   The time is one thirty-seven p.m.   And it is a

4    written notice advising the five co-defendants who are

5    charged in the indictment and their counsel of the

6    scheduled Grand Jury presentment.   And it was scheduled

7    for October 11th at nine-thirty a.m.   And it further

8    advised should your client wish to testify before the

9    Grand Jury, please clearly advise our office in writing

10   on or before the return date so we may make proper

11   arrangements.

12            THE DEFENDANT:   Your Honor, I never waived my

13   rights, though.

14            THE COURT:   I understand.   You were

15   represented by counsel at the time.   You were.   You

16   already admitted that, right?

17            THE DEFENDANT:   Yes.   I understand that.

18            THE COURT:   Okay.   And you were present at the

19   felony hearing?

20            THE DEFENDANT:   Yes, I was.

21            THE COURT:   And a record was made -- or

22   advisement on the record was made as to the District

23   Attorney's intention relative to presenting this matter

24   to the Grand Jury.   And then a written notice was

25   followed up.   Do you want to see this?   Just take a look

1    at that.  It's now part of this motion argument.

2          THE DEFENDANT:  The Erie County Grand Jury

3    will hear testimony and I never got a chance to give

4    testimony or testify at the Grand Jury proceeding.

5          THE COURT:  That's your argument.  But your

6    argument is predicated on you not being provided the

7    requisite notice so you could make an intelligent

8    decision as to whether or not you wish to exercise your

9    statutory right to testify before the Grand Jury.

10         MS. LILLEY:  And, Your Honor, I would note for

11    the record there was no notice given by the defendant

12    requesting to be heard and to be brought before the

13    Grand Jury which is why she was not brought over because

14    they did not assert that right.  And in addition to

15    that, this motion is untimely if that is the challenge

16    that she's making.

17         THE COURT:  It is required to be made within

18    five days of arraignment.  It has clearly not been made

19    timely.  But under the circumstances, Ms. McMorris is

20    proceeding pro se.  That's one of the disadvantages of

21    not being trained in the law.  We will get to that on

22    another occasion.

23    Is there anything else you wish to say?

24         THE DEFENDANT:  I didn't know anything about

25    this until now, so.

1          THE COURT:  All right.  That's your position

2    and of course that's memorialized on the record.  Among

3    other items of relief, you also wanted me to review the

4    Grand Jury minutes for legal sufficiency in the event I

5    deny this motion, right?  You wanted me to determine

6    whether or not the indictment is based on the requisite

7    reasonable cause defined in Section 70.10 of the

8    Criminal Procedure Law, right?

9          THE DEFENDANT:  Yes.

10         THE COURT:  I have reviewed your motion and

11   I've listened carefully to your argument which you have

12   very succinctly made.  I also reviewed the papers in

13   opposition from Ms. Lilley.  In addition to what she

14   argued in her papers, she also provided a copy of this

15   notice which went to all five co-defendants.

16      And based on all of that and upon due deliberation,

17   your motion is denied in its entirety.  I'm going to

18   reverse on the legal sufficiency of the Grand Jury

19   minutes.  I've reviewed them already, but I'm going to

20   review them again with a special recognition of what you

21   have argued, but you want me to determine whether or not

22   they are based on legally sufficient evidence and I will

23   do so.  You may have also loosely used the term about

24   them being defective.  I'll make that determination as

25   well.

FURTHER PROCEEDINGS

1    Ms. McMorris.

2              MR. DeMATTEO:  I'll let Mr. Cimasi know about

3    it, Judge.

4              MS. LILLEY:  Thank you, Your Honor.

5              THE COURT:  Thank you.

6              THE DEFENDANT:  Can I have a copy, please?

7              THE COURT:  You need a copy of the notice?

8              MS. LILLEY:  Certainly.  I can get it to you

9    unless the Court can make a copy of it now.

10             THE COURT:  Yeah.  Why don't we do that.

11             (Proceedings concluded at 10:56 a.m.)

12                  *    *    *    *    *

13   Certified to be a true and accurate transcript.

14   *Lindsey L Elliott*

15   LINDSEY J. ELLIOTT,
     Official Court Reporter

16

17

18

19

20

21

22

23

24

25

PRESENT HON, _____

                    Judge of the Supreme Court


Supreme Court of the state of New York

county of Erie

--------------------------------------------------------------------------------

In the matter of a Proceeding Under Article 70 of the CPLR

For a Writ of Habeas Corpus, for JAJUAN BOLDEN, on behalf

Of DONTAVIA MCMORRIS,                                              PETITION for a WRIT

                            PETITIONERS                            HABEAS CORPUS

            -against-                                              Index No.

Sheriff of the Erie County Correctional Facility

JOHN GARCIA

                            RESPONDENT

--------------------------------------------------------------------------------

TO THE SUPREME COURT, ERIE COUNTY


1 Petitioner is the father of DONTAVIA MCMORRIS ICN # 159580 (hereinafter referred to as "petitioner"), The person on whose behalf this petition is made.

2 That the petitioner is unlawfully detained and restrained of her liberty by Sheriff JOHN GARCIA of the Erie County Correctional Facility located at 11581 Walden Avenue, Alden N.Y. in lieu of $50,000 bail and in violation of her right to release Pursuant to CPL 180.80 were no more than 144 hours has elapsed with no disposition or no formal charges having ever been filed.

3 That the cause or pretense of the detention is an alleged indictment returned in a defective grand jury proceeding where the petitioner was deprived of her 5th amendment right to appear before the grand jury and give testimony on our own behalf. A copy of the DA's alleged Letter and alleged indictment is attached as exhibits A&B.

4 That a court or judge of the United States does not have exclusive jurisdiction to order the petitioner's release.

5 The nature of the illegal detention is a violation of the 5th amendment due process clause where the petitioner is being held to answer for infamous crime upon a unlawful indictment returned by a defective grand jury proceeding.



# OFFICE OF THE ERIE COUNTY DISTRICT ATTORNEY

### MICHAEL J. KEANE
#### ACTING DISTRICT ATTORNEY

October 18, 2024

DONTAVIA MCMORRIS
520 VIRGINIA STREET, APT 36
BUFFALO, NY 14202

Re:    People v DONTAVIA MCMORRIS
ECDA Legacy No.: 02009-2024

Dear DONTAVIA MCMORRIS:

I am writing to inform you that you have been indicted by an Erie County Grand Jury. The indictment was returned on **October 18, 2024.** In accordance with Criminal Procedure Law §210.10, I am advising you that an arraignment on this indictment has been scheduled for **OCTOBER 24, 2024, at 2:00 p.m.** before the **HON. PAUL WOJTASZEK, J.S.C.** presiding at **SUPREME COURT, PART 16, SECOND FLOOR, 25 DELAWARE AVENUE, BUFFALO, NEW YORK.** Please be present at that time.

*Please be advised that this case will be assigned an official indictment number by the Office of Court Administration.*

If you fail to appear on the aforesaid date, an indictment warrant for your arrest will be issued.

If a lower court bail was posted, please be prepared to provide proof/receipt for the court or it may not be continued in Superior Court without verification.

Enclosed is a copy of the indictment which was filed against you.

Very truly yours,

MICHAEL J. KEANE
ACTING DISTRICT ATTORNEY

By:    RACHEL L. NEWTON
Assistant District Attorney
Chief, Grand Jury Bureau
Rachel.Newton@erie.gov

RLN/bbs
Copies to:
Arraignment Schedule
Chief Clerk's Office
Judge's Chambers
BRENDAN W. FITZGERALD
MICHAEL C. CIMASI, ESQ
DONTAVIA MCMORRIS (DOB 11/20/2002)ECHC

25 DELAWARE AVENUE • BUFFALO, New York • 14202-3903 • (716) 858-2424 • FAX: (716) 858-7425 • www.erie.gov

At IAS Part_____of the Supreme Court
of the State of New York, held in and
for the County of _____at the
Courthouse, _____
_____, New York
the _____ day of _____, 20_____.

PRESENT: HON. _____
                        Justice of the Supreme Court

--------------------------------------------------------------

In the Matter of the Application of

Dontavia McMorris                                    ,
(Insert your name)                 ~~Plaintiff(s)~~/Petitioner(s)

For Permission to Prosecute as a Poor          ORDER
Person a Matter against

                                                            Index No. _____

---------------------------------------------
                        ~~Defendant(s)~~/Respondent(s)
--------------------------------------------------------------

       Upon the annexed affidavit of   Dontavia McMorris          ,
                                        (Insert your name)

sworn to _____20____, the _____ and the certificate
(Insert date affidavit sworn to before notary)      (Insert: verified complaint / petition / motion)

of_____ N/A _____ ESQ., dated _____.
          (Insert name of attorney & date if submitted.  If not, leave blank.)

       And it being alleged that said   Petitioner          has a good
                                        (Insert: ~~plaintiff(s)~~ / petitioner(s) / defendant(s) / respondent(s)

cause of action ~~or claim~~ ~~or defense~~ based upon   The deprivation of
                                              (Briefly describe the underlying facts of your cause of action or claim)

Petitioner's rights under the 5th and 14 Amendments to
the U.S. Constitution.                                           .

       And it being alleged that he/she is unable to pay the costs, fees and expenses to
prosecute/defend this action, and that there is no other person beneficially interested in
the action thereof,

Now on motion of _Dontavia McMorris, Petitioner_____
(Insert your name)                              (Insert: plaintiff(s) / petitioner(s) /
                                                ~~defendant(s) /respondent(s)~~

it is hereby

ORDERED that:

A.  The motion is denied on the grounds that the_____
    failed to make                      (Insert: plaintiff(s) / petitioner(s) / defendant(s) / respondent(s)

    1 ____ A sufficient showing of a meritorious cause of action/defense
           and/or

    2 ____ A sufficient showing of indigence

    Papers may be resubmitted upon payment of fees, in a timely manner

                              -OR-

B.  _The motion is granted and the_____  _____
                              (Insert: plaintiff(s) / petitioner(s) / defendant(s) / respondent(s)   (Insert your name)
    _____ permitted to proceed herein as a poor person(s), and it is further
    (is / are)

    ORDERED that the County Clerk shall make no charge in connection with the
prosecution/defense of this matter/proceeding, and it is further

    ORDERED that any recovery by judgment or settlement in favor of the

_____shall be paid to the Clerk of the Court to await distribution
(Insert: plaintiff(s) / petitioner(s) / defendant(s) / respondent(s)

pursuant to court order.


                              _____
                              Hon.
                              JUSTICE OF SUPREME COURT


                              2

SUPREME/COUNTY COURT : ERIE COUNTY

THE PEOPLE OF THE STATE OF NEW YORK                    ECDA Legacy No. 02009-2024

against

DONTAVIA MCMORRIS, DAQUEL BRAXTON,
JEREMIAH MARTIN, RAYMONE WILSON, and
SAVANNAH BROSIUS

THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses

DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON,

and SAVANNAH BROSIUS, and each of them, of the following crime:

FIRST COUNT: KIDNAPPING IN THE FIRST DEGREE, in violation of Penal Law

§§135.25(1), 20.00, in that the said DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH

MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, on or about the 2nd day of

October, 2024, in this County, while acting in concert, abducted another person, to wit: Jay

Honeycutt, with intent to compel a third person to pay or deliver five-hundred dollars in U.S.

currency as ransom.

SECOND COUNT:  AND THE GRAND JURY OF THE COUNTY OF ERIE, by

this indictment, accuses DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN,

RAYMONE WILSON, and SAVANNAH BROSIUS, and each of them, of the following crime:

KIDNAPPING IN THE SECOND DEGREE, in violation of Penal Law §§135.20,

20.00, in that the said DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN,

RAYMONE WILSON, and SAVANNAH BROSIUS, on or about the 2nd day of October, 2024, in

this County, while acting in concert, abducted another person, to wit: Jay Honeycutt.

THIRD COUNT: AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, and each of them, of the following crime:

ASSAULT IN THE FIRST DEGREE, in violation of Penal Law §§120.10(4), 20.00, in that the said DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, on or about the 2nd day of October, 2024, in this County, while acting in concert, in the course and furtherance of the commission of a felony, to wit: Robbery in the Second Degree, a participant in the crime caused serious physical injury to Jay Honeycutt, who was not a participant in the crime by pouring boiling water on him.

FOURTH COUNT: AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, and each of them, of the following crime:

ASSAULT IN THE SECOND DEGREE, in violation of Penal Law §§120.05(2), 20.00, in that the said DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, on or about the 2nd day of October, 2024, in this County, while acting in concert, with intent to cause physical injury to another person, caused such injury to Jay Honeycutt by hitting him with a dangerous instrument, to wit: a belt.

FIFTH COUNT:  AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, and each of them, of the following crime:

ROBBERY IN THE FIRST DEGREE, in violation of Penal Law §§160.15(1), 20.00, in that the said DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, on or about the 2nd day of October, 2024, in this County, while acting in concert, forcibly stole certain property, to wit: bookbag, cell phone, and bank card from Jay Honeycutt, and in the course of the commission of the crime or immediate flight therefrom another participant caused serious physical injury to Jay Honeycutt, who was not a participant in the crime.

SIXTH COUNT:  AND THE GRAND JURY OF THE COUNTY OF ERIE, by this indictment, accuses DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, and each of them, of the following crime:

ROBBERY IN THE SECOND DEGREE, in violation of Penal Law §160.10(1), in that the said DONTAVIA MCMORRIS, DAQUEL BRAXTON, JEREMIAH MARTIN, RAYMONE WILSON, and SAVANNAH BROSIUS, on or about the 2nd day of October, 2024, in this County, being aided by another person actually present, forcibly stole certain property, to wit: bookbag, cell phone, and bank card from Jay Honeycutt.

S/MICHAEL J. KEANE
_____
MICHAEL J. KEANE
ACTING DISTRICT ATTORNEY OF ERIE COUNTY