UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DONTAVIA McMORRIS,

       Petitioner,

  v.

SHERIFF JOHN GARCIA,

       Respondent.

_____

**REPORT
and
RECOMMENDATION**

**25-CV-651-JLS-LGF**

APPEARANCES:   DONTAVIA MCMORRIS, *Pro Se*
                      159580
                      Erie County Correctional Facility
                      11581 Walden Avenue
                      Alden, New York 14004

## JURISDICTION

Petitioner commenced this action on July 21, 2025, requesting habeas relief pursuant to 28 U.S.C. § 2254. On July 22, 2025, Honorable John L. Sinatra, Jr. referred the matter to the undersigned pursuant to 28 U.S.C. § 636(b)(1) for all pre-trial matters (Dkt. 2).

## BACKGROUND

*Pro se* petitioner Dontavia McMorris ("Petitioner"), a prisoner confined at the Erie County Correctional Facility, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Dkt. 1. She has also paid the filing fee on July 21, 2025. For the reasons stated below, the petition should be dismissed without prejudice, and Petitioner may file within 30 days an amended petition clarifying the dates and circumstances of her state court conviction and the extent of her exhaustion of available state remedies.

**DISCUSSION**

I.  **The Petition**

Petitioner alleges that she was indicted in Erie County Court on October 24, 2024, for kidnapping in the first and second degrees, assault in the first degree, assault in the second degree, and robbery in the first and second degrees.  Dkt. 1 at 1.  When identifying her plea in the form petition, Petitioner checked both "guilty" and "not guilty", and it appears that she has crossed off the "not guilty" entry.  *Id*.  She indicates that she was sentenced to "indefinite to life."  *Id*.

Petitioner does not appear on the roster of inmates housed in custody of the New York State Department of Corrections and Community Supervision.  She does, however, appear on the roster of the Erie County Correctional Facility, which identifies her booking date as October 9, 2024.[1]

Petitioner does not indicate on the form petition whether she appealed her conviction.  *Id*. at 1-2.  Petitioner, however, filed two petitions for a writ of habeas corpus in state court, both of which were decided on May 15, 2025.  *Id*. at 3-4.  The results of the petitions are unclear, but Petitioner acknowledges that she did not appeal either petition to the state appellate court, stating that "[a]ny appeal would not be time efficient for justice" and "[t]he state habeas corpus process in this case is unconstitutional."  *Id*. at 5.[2]

---

[1] *See* https://www.assigned.org/inmate-lookup/inmatelist-1.pdf, *last accessed* September 14, 2025.

[2] Petitioner has attached a transcript to the petition dated February 13, 2025, where the trial court denied her *pro se* motion to dismiss the indictment.  Dkt. 1 at 19.  This transcript does not appear to involve proceedings regarding a state habeas petitions.

Petitioner contends that she is entitled to federal habeas relief because she was denied her right to be released pursuant to N.Y. Crim. Proc. L. § 180.80 after she was initially detained for over 144 hours without being indicted. *Id*. at 6. She further contends that she was denied her Fifth Amendment due process rights, that the prosecutor and judge were biased, that she received ineffective assistance of counsel, and that the indictment against her was defective. *Id*. at 7.

## II. Analysis

Initially, it is unclear whether Petitioner is presently "in custody pursuant to the judgment of a State court" such that a petition filed under § 2254 is appropriate. *See* 28 U.S.C. § 2254(a) (stating that "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he [or she] is in custody in violation of the Constitution or laws or treaties of the United States"); *see also* Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules") 1(a)(1) ("These rules govern a petition for a writ of habeas corpus filed in a United States district court under 28 U.S.C. § 2254 by: (1) a person in custody under a state-court judgment who seeks a determination that the custody violates the Constitution, laws, or treaties of the United States[.]"). Though Petitioner indicates that her "plea" to the charges was "guilty", Dkt. 1 at 1, Petitioner has not included a date of conviction or a date of sentencing, and the Court's research cannot confirm her status. If Petitioner remains a pretrial detainee, that is, if her criminal proceedings are still ongoing, 28 U.S.C. § 2241 and not § 2254 is the appropriate basis for her petition. *See Mulkey v. Niagara County Sheriff*, 720 F. Supp. 3d 237, 240 (W.D.N.Y. Mar. 12, 2024) ("The district courts in this Circuit have

3

concluded uniformly that § 2254(a) applies only to those whose state custody results from a final judgment issued by a state court, and therefore petitions brought prior to trial are properly construed under § 2241 rather than § 2254.").

Furthermore, Petitioner has not made it clear whether she has exhausted her state remedies.  An application for a writ of habeas corpus under 28 U.S.C. § 2254 may not be granted until a petitioner has exhausted all remedies available in state court unless "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1)(A), (b)(1)(B)(i), (ii).  These exceptions are met "[w]here there is no further state proceeding for petitioner to pursue," or "where further pursuit would be futile."  *Lurie v. Wittner*, 228 F.3d 113, 124 (2d Cir. 2000).

Petitioner has, at minimum, filed two habeas corpus petitions in state court and indicates that she has not appealed the results because the process is "unconstitutional" and because doing so would "not be time efficient."  Dkt. 1 at 5.  Significantly, Petitioner also has left blank the portion of the form petition asking whether she has appealed her conviction.  Dkt. 1 at 2.

Because it is not apparent from the petition that Petitioner has exhausted her state court remedies or that any direct or collateral attacks on her conviction are in progress since the filing of the initial petition, the petition should be dismissed without prejudice.  *See Atkins v. Sheriff*, 2025 WL 1043530, at *2 (N.D.N.Y. Apr. 8, 2025) (directing petitioner to file an amended petition "[b]ecause petitioner has failed to provide any details about the procedural history behind his state court criminal conviction or any collateral proceeding subsequently challenging it," the court "cannot

4

determine (1) whether petitioner has properly exhausted his state court remedies; (2) if any remedies have been properly commenced and are in the process of being exhausted; or (3) whether petitioner has attempted to exhaust his state court claims and such remedies were unavailable to him"); *see also Milchamot v. Chief Bronx District Attorney*, 2025 WL 965860, at *2 (S.D.N.Y. Mar. 31, 2025) ("[The petitioner] alleges no facts showing that he has exhausted his available state-court remedies before seeking a federal writ of habeas corpus. The Court therefore denied [the petitioner's] petition . . . without prejudice.").

Accordingly, Petitioner should be granted leave to file an amended petition, that will completely replace the petition, within 30 days of the date of any order adopting this Report and Recommendation, and be directed to answer every question and complete every blank field of the form petition, including: (1) the date(s) of her allegedly unlawful conviction and sentence, if she has, in fact, been convicted and sentenced; (2) specifying the dates upon which she filed any state court proceedings in which she challenged her state court conviction and resulting custody and clearly set forth the grounds raised in each application and the date(s) upon which the court(s) decided each application; and (3) specifying all the grounds upon which her federal petition is based, including how Petitioner has attempted to exhaust her claims, and the facts supporting each ground in the amended petition.

## **CONCLUSION**

Based on the foregoing, the petition should be DISMISSED without prejudice to filing an amended petition within 30 days of the date of any order adopting this Report and Recommendation. The Clerk of Court is DIRECTED to serve a copy of this Report and Recommendation on Petitioner at her address of record at the Erie County Correctional Facility.

Respectfully Submitted,

/s/ *Leslie F. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 23, 2025
         Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Petitioner and the Respondent.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 23, 2025
             Buffalo, New York